Rachel E. Kaufman (CSB# 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, 4th Floor
Coral Gables, Florida 33133
Telephone: (305) 469-5881

*Attorney for Plaintiff and the Proposed Classes*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FLOYD STEVE BALES AND EDWARD NEWMAN JR.,** individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>**FREEDOM FOREVER, LLC,** a Delaware limited liability company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Floyd Steve Bales ("Plaintiff Bales" or "Bales") and Edward Newman, Jr. ("Plaintiff Newman" or "Newman") bring this Class Action Complaint and Demand for Jury Trial against Defendant Freedom Forever, LLC ("Defendant or "Freedom Forever") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") and Florida Telephone Solicitation Act ("FTSA") by making prerecorded and autodialed telemarketing calls to consumers

without consent. Plaintiffs also seek injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiffs, for this Complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## PARTIES

1.     Plaintiff Bales is a resident of Marion County, Florida.

2.     Plaintiff Newman is a resident of Devine, Texas.

3.     Defendant Freedom Forever is a company organized in Delaware with its headquarters located in Temecula, California.

## JURISDICTION AND VENUE

4.     This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

5.     The Court has supplemental jurisdiction of the FTSA claim because it arises from the same calling campaign as the TCPA claim.

6.     This Court has personal jurisdiction over the Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant has its headquarters in this District and the wrongful conduct giving rise to this case was directed from this District.

**INTRODUCTION**

7.     As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

8.     When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9.     By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10.     The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11.     According to online robocall tracking service "YouMail," 4.5 billion robocalls were placed in April 2023 alone, at a rate of 151.6 million per day. www.robocallindex.com (last visited May 7, 2023).

12.     The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and

232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

13.   "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

14.   "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

15.   Freedom Forever is a residential solar installation company that partners with solar sales companies in the solar industry.

16.   Bright Solar Marketing, LLC is a company that provides home solar quotes to consumers.

17.   Bright Solar placed outbound telemarketing calls to consumers exclusively to generate leads for Freedom Forever.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

18.    In fact, Freedom Forever is the manager of Bright Solar Marketing, LLC. [3]

| OFFICER INFORMATION | | | ☐ VIEW HISTORICAL DATA | |
|---|---|---|---|---|
| **Title** | **Name** | **Address** | **Last Updated** | **Status** |
| Manager | Freedom Forever LLC | 43445 Business Park Drive #104, Temecula, CA, 92590, USA | 07/24/2020 | Active |

| ENTITY INFORMATION | | | |
|---|---|---|---|
| **Entity Name:** | BRIGHT SOLAR MARKETING LLC | **Entity Number:** | E6478832020-8 |
| **Entity Type:** | Foreign Limited-Liability Company | **Entity Status:** | Active |

19.    Bright Solar on behalf of Defendant Freedom Forever placed prerecorded and autodialed calls to consumers who did not consent to receive such calls.

20.    There are numerous complaints online which reflect that Bright Solar was calling consumers without consent on Freedom Forever's behalf:

---

[3] https://esos.nv.gov/EntitySearch/BusinessInformation

### Easy going and fun place to work

Prospect development (Current Employee) - Las Vegas, NV - February 25, 2021

Can be a bit frustrating if you are a experienced salesperson because you will feel underwhelmed by the monotony of the calls. A lot of cold calls and angry customers but fair amount of warm leads to call. Culture is great, managers are very easy going and determined to make this company successful. Supervisors never micromanage and are super cool. Just good environment in general and they always try to make things fun. They don't schedule your breaks/lunch so you have the freedom do things when you need or want to, as long as that's not abused. People that work here are generally nice and easy to get along with. Not any rifts or cliques that just make things awkward or unenjoyable. Hourly pay could be better, but you have the ability to earn a good amount in commission. People can hit over $1,000 in commission every two weeks if you really work for it, but if you slack off and aren't willing to work for your money, you aren't going to make much at all. Self starter, discipline, motivation, consistency, positive mental attitude, these are all things that will help your experience, just like any other sales position. The benefit of a good leadership team and support system just helps that process become easier. Overall, pretty great place to work.

✓ **Pros**
Different shifts, no scheduled breaks/lunch, laid back management

✗ **Cons**
Low hourly pay, a lot of bad leads                                                4

21.     There are numerous complaints posted online from consumers who received multiple unsolicited calls from Bright Solar on Freedom Forever's behalf, including allegations of calls that were pre-recorded, for instance:

- "This is not a business. It is a cancer. I don't know how they have my phone number, but they have called me as many as 7 times every day for the past week. No messages left. When I call the number back, it's invalid. When I Googled the company and found a toll free contact number, I called it. It went to a hold message. No answer. I can't imagine any potential customer would overlook this infuriating practice and give them business. It is harassment. They are a cancer. I reported them to AT&T (my cell provider) and to the FTC (I'm on the DNC list)."[5]

---

[4] https://www.indeed.com/cmp/Bright-Solar-Marketing-1/reviews
[5] https://www.google.com/search?q=bright+solar+marketing

CLASS ACTION COMPLAINT

- "No idea how they got my number. They call 3-4 times a day, it's like whack a mole they call from one number and I block it. Then they call back an hour later from another number. Do they honestly think this is the best way to get customers??"[6]

- "Bright Solar Marketing has 20 out of 22 reviews being 1-star. This company just needs to go away. They call multiple times a day from multiple numbers and don't stop. When I answered to tell them to stop calling me, they hung up on me after they asked if I was available. I will never do business with them or anyone using their tactics, they should understand that and stop calling me. I am adding another 1 star review."[7]

- "This place IS terrible they call 3 times an hour every day it is so unprofessional every time they call I answer and say Im NOT INTERESTED by the way they call they Call makes them look like a non legitimate company they are ridiculous they need to stop. They are so annoying for a company I dont even know how they got my number they need to stop!"[8]

- "I keep getting calls as many times as three times a day from this company. I have repeatedly asked them and then demanded that they stop calling, and to put me on their do not call list. Every time they call I block their number, they call from a different number. I will be filing an FCC complaint. And if I were to ever consider getting solar, I can assure you I will never, ever use this company. Ever."[9]

- "There telemarketing has like 10 different numbers and has called my cell phone number 25 times in two days. I called them back to remove my number twice and called them and said I have a condo can't have solar. Stop calling me and I am definitely NOT INTERESTED!!!!!"[10]

- "I'm not interested in working with them and they won't stop calling! They don't leave a message. I've tried blocking their numbers, but they just use different ones. I never contacted them about solar power. They're relentless."[11]

- "Not sure how many more phone calls I need to answer or block for you to stop calling me. Is there a way to sue them? It's ridiculous! Stop calling me!"[12]

- "CONSTANT STALKING CALLS I DON'T EVEN OWN A HOUSE 10 TIMES A DAY THEY HAVE BEEN CALLING FROM DIFFERENT NUMBERS. I DON'T KNOW HOW THEY GOT MY CELL #. I CALLED THEM BACK THEY KNEW WHO WAS CALLING AND I STATED I DON'T OWN A HOME STOP CALLING!

---

[6] *Id.*
[7] *Id.*
[8] https://www.google.com/search?q=bright+solar+marketing
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*

CLASS ACTION COMPLAINT
-7-

SHE HUNG UP ON ME. SO FAR I CONTINUE TO BLOCK NUMBERS AND THEY CONTINUE TO CALL!!!!"[13]

22.    In  addition,  other  consumers  have  posted  pre-recorded  voicemail messages they received from Bright Solar Marketing on Freedom Forever's behalf which are the exact same pre-recorded voice messages received by Plaintiff Bales and Plaintiff Newman:

23.    Neither  the  Plaintiffs  nor  any  other  members  of  the  proposed  classes ever provided Defendant  or  Bright  Solar  and/or  their  agents  with  prior  express written consent to receive the telephone calls at issue.

---

[13] *Id.*
[14] https://whodir.youmail.com/directory/phone/9092852147
[15] https://directory.youmail.com/directory/phone/9512776970

24.     Defendant does not have any record of express written consent to have placed on its behalf telemarketing calls, or calls featuring an artificial or prerecorded voice, to Plaintiffs or to members of the proposed classes.

## PLAINTIFF BALE'S ALLEGATIONS

25.     Plaintiff Bales registered his cell phone number on the DNC on July 19, 2018.

26.     Plaintiff Bales uses his cell phone for personal use only. It is not used as a business number.

27.     On or about June 10, 2021, Plaintiff Bales received a pre-recorded voicemail from Bright Solar to his cell phone.

28.     The pre-recorded voicemail message said: "Hey there, it's John at Bright Solar Marketing. Just wanted to reach out give me a call back when you have a moment 951-277-6970. I look forward to hearing from you."

29.     On July 1, 2, , 7, 10, 12, 14, 15, 16, and 19, 2021, Plaintiff Bales received autodialed calls from the phone number 352-234-8953 to his cell phone.

30.     Plaintiff Bales answered some or all of the calls and spoke to an agent, who identified the company as Bright Solar.

31.     The calls were made using calling software from Bright Pattern which automatically selects telephone numbers to be called and then dials them before

connecting any of the calls that are answered with a Bright Pattern telemarketing employee.

**PLAINTIFF NEWMAN'S ALLEGATIONS**

32.     Plaintiff Newman is the sole user and the subscriber of the phone number ending 7363.

33.     The phone number ending 7363 is his cell phone number.

34.     On July 29, 2021 at 3:56pm, Plaintiff Newman received a call which was left as a prerecorded voicemail on Plaintiff Newman's cell phone which said: "Hey there, it's John at Bright Solar Marketing. Just wanted to reach out give me a call back when you have a moment 951-277-6970. I look forward to hearing from you…"[16]



---

[16] https://www.dropbox.com/s/4p6xeo3104irfi7/voicemail-381.m4a?dl=0

35.     This call was prerecorded since it was generic in nature and sounded unnatural in a way unlike how a normal person would leave an answering message.

36.     In addition, this prerecorded voicemail matches the exact same language reported on by other consumers.[17]

37.     Plaintiff Newman never gave his consent to Bright Solar Marketing or Freedom Forever to call him, let alone to send him a prerecorded call.

38.     The unauthorized solicitation telephone calls that Plaintiffs received on behalf of Defendant have harmed Plaintiffs in the form of annoyance, nuisance, and invasion of privacy, occupied their phone lines, and disturbed the use and enjoyment of their phones.

## CLASS ALLEGATIONS

39.     Plaintiffs Bales and Newman bring this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

**Pre-recorded No Consent Class**: All persons in the United States who from four years prior to the filing of this action through class certification (1) on Freedom Forever's behalf Bright Solar Marketing called on their cellular telephone number (2) using an artificial or pre-recorded voice.

**Florida Autodial Class:** All persons in Florida who, (1) on Freedom Forever's behalf Bright Solar Marketing sent a telephonic sales call regarding Freedom Forever's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff.

---

[17] https://whodir.youmail.com/directory/phone/9092852147

40.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiffs anticipate the need to amend the Class definition following appropriate discovery.

41.     **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of the Classes.

42.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a)     Whether Defendant's conduct violated the TCPA;

(b)    Whether Defendant placed prerecorded calls to members of the class;

(c)    Whether Defendant placed autodialed calls to the members of the Florida Class;

(d)    whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

43.    **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiffs have no interests antagonistic to those of the Classes, and the Defendant has no defenses unique to Plaintiff. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to the Classes.

44.    **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiffs Bales and

Newman. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

### **FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiffs and the Pre-Recorded No Consent Class)**

45.     Plaintiffs repeat and reallege the prior paragraphs of this Complaint and incorporates them by reference herein.

46.     Defendant transmitted unwanted telephone calls to Plaintiffs and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

47.     These pre-recorded voice calls were made en masse without the prior express written consent of the Plaintiffs and the other members of the Pre-recorded No Consent Class.

48.     The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiffs and the other members of the Pre-

recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## SECOND CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059)
### (On Behalf of Plaintiff Bales and the Florida Autodial Class)

49.    Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

50.    Plaintiff brings this claim individually and on behalf of the Class Members against Defendant.

51.    It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

52.    A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

53.     Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

54.     In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

55.     Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

56.     As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. Id.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a)  An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b)  An award of money damages and costs;

c)   An order declaring that Defendant's actions, as set out above, violate the TCPA;

d)   An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e)   Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs Bales and Newman request a jury trial.

**FLOYD STEVE BALES and EDWARD NEWMAN, JR.**, individually and on behalf of all others similarly situated,

DATED this 18th day of September, 2023.

By: /s/ *Rachel E. Kaufman*
Rachel Elizabeth Kaufman
Kaufman P.A.
237 S Dixie Hwy, 4th Floor
Coral Gables, FL 33133
(305) 469-5881
Email: Rachel@kaufmanpa.com

*Attorney for Plaintiff and the putative Classes*